UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,<br><br>Defendant. | Case No. C15-1269-RSM<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 34(a)(2) SITE INSPECTION |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Equal Employment Opportunity Commission ("EEOC")'s Motion to Compel Rule 34(a)(2) Site Inspection, Dkt. #30. The EEOC moves the Court to compel Defendant National Railroad Passenger Corporation ("Amtrak") to allow Entry Upon Land and Inspection pursuant to Rule 34(a)(2), specifically compelling Amtrak to allow inspection of "Seattle Mechanical Yard facilities and all locations and work sites therein where employees holding the position of Machinist Journeyman perform the essential duties of their job." *Id.* Amtrak opposes this discovery and this Motion, arguing that the EEOC is flipping Rule 34(a)(2) on its head by requiring Amtrak to identify the essential duties of the Machinist position. Dkt. #36 at 1. For the reasons set forth below, the Court GRANTS IN PART Plaintiff's Motion.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 34(a)(2) SITE INSPECTION - 1

## II. BACKGROUND

A full background of this case is not necessary for the purposes of this Motion. The EEOC alleges that Amtrak discriminated against Charging Party Shawn Moe when it failed to hire Mr. Moe for a Machinist Journeyman position at Amtrak's Seattle Mechanical Yard because of his disability, in violation of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq. See* Dkt. #17.

On March 17, 2016, EEOC served its First Request for Entry Upon Land and Inspection pursuant to Fed. R. Civ. P. 34(a)(2) with a proposed date of April 26, 2016. Dkt. #31-2. The request was to allow the EEOC, accompanied by claimant Shawn Moe and a videographer, to enter Amtrak's Seattle Mechanical Yard facilities, in order to inspect, measure, test and record images as follows:

> a) Place of inspection: Seattle Mechanical Yard facilities and all locations and work sites therein where employees holding the position of Machinist Journeyman perform the essential duties of their job.
>
> b) Items to be inspected: measurements will be taken of physical environment, facilities, machinery, and equipment, including but not limited to locomotives, shuttle wagons, safety systems and equipment, ladders, tools, and kits available to employees holding a position of Machinist Journeyman.
>
> c) Photography: EEOC wishes to take video recordings and pictures of the location and items described above and of employees currently engaged in the work typical of the Machinist Journeyman position.

*Id*. Through subsequent discussions between the parties, Amtrak indicated that it wanted more specificity as to the areas and equipment the EEOC intended to inspect, and the EEOC indicated that it had no familiarity with the location and that the above notice provided the most specific description it could provide. Dkt. #31 at 2. Through correspondence back and forth, the parties endeavored to work out the scope of the inspection, but were unable to reach a

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 34(a)(2) SITE INSPECTION - 2

mutually agreeable resolution. *See* Dkt. ## 31-3 through 31-12. Amtrak's position was that "Machinist Journeyman perform their job duties throughout the entirety of the 22-acre Seattle Mechanical Yard and work on and around all equipment in the Seattle Mechanical Yard," that it needed a list of specific areas to inspect from the EEOC, otherwise it would "simply provide general access to the facility," but in any event Amtrak would not allow the EEOC to interview anyone during the inspection. Dkt. #31-5 at 2. Later, Amtrak again stated that it would provide access subject to safety considerations if: the EEOC informed Amtrak what areas, equipment, or machinery it wanted to observe and inspect; Amtrak safety personnel accompanied the EEOC for the sole purpose of ensuring the inspection is conducted in a safe manner; and Amtrak would not provide any employees to answer questions about the "essential functions" of the Machinist position or the areas or equipment on which those "essential functions" are performed; and that Amtrak would not allow the EEOC to interview or record employees performing work within the Seattle Mechanical Yard. Dkt. #31-8. Later, Amtrak stated the inspection must defer to Amtrak's judgment on safety concerns that might be present which may prevent access and that the EEOC would not be permitted to access, inspect, or measure areas or equipment where use of fall protection was necessary. Dkt. #31-11. Amtrak clarified that Amtrak's safety coordinator will be permitted to identify whether an employee is a machinist and identify what a piece of equipment or machinery is, provided that the answers are within his personal knowledge. *Id.* However, Amtrak stated that the safety coordinator will not answer questions about any particular task that an employee is performing. *Id*. By letter dated, May 11, 2016, Amtrak stated that it will not require the EEOC to obtain prior consent from Amtrak employees to being photographed or filmed during the site inspection; however

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 34(a)(2) SITE INSPECTION - 3

the EEOC will not be permitted to film or photograph any employee who expresses they do not wish to be photographed or filmed. Dkt. #31-12.

### III.     DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (effective December 1, 2015). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). "District courts have broad discretion in determining relevancy for discovery purposes." *Id.* (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). A party is permitted to enter upon designated land or property that is in the possession or control of another party to allow the requesting party the opportunity to "inspect, measure, survey and photograph…the property…or operation on it." Fed. R. Civ. P. 34(a)(2). The requesting party must "describe with reasonable particularity each item or category of items to be inspected," and "must specify a reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ. P. 34(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 34(a)(2) SITE INSPECTION - 4

The EEOC argues that "Amtrak's provision allowing for 'general access' and otherwise requiring EEOC to direct Amtrak… where to go during the site inspection is unreasonable and would result in great inefficiency and waste of time." Dkt. #30 at 9. The EEOC argues that it has identified with reasonable particularity the items and category of items it seeks to inspect "as they relate to the essential job functions of the machinist position which Amtrak contends Mr. Moe is unable to safely do." *Id*. The EEOC argues that Amtrak's arguments are vague and that its safety conditions and filming conditions are too discretionary and ultimately untenable. *Id*. at 10-11.

In Response, Amtrak argues that it has agreed "to allow the EEOC to observe and measure equipment, machinery, and tasks that the EEOC has identified with particularity, subject to Amtrak's safety rules and instructions and so long as the work is being performed in the ordinary course of operations during the site inspection…" Dkt. #36 at 4. Amtrak argues that the EEOC is seeking to "transform a site inspection into a roving deposition." *Id*. Amtrak cites to *EEOC v. Burlington N. Sante Fe R.R.,* No. 12-2634, 2014 WL 988770 (D. Kan. Mar. 13, 2014) for the proposition that such a roving deposition is not permitted during a Rule 34(a)(2) site inspection. *Id*. at 5. Amtrak argues that other discovery formats are better suited for determining what constitutes an essential function of the Machinist position. *Id*. at 6. Amtrak argues that the Court "should condition any site inspection on the EEOC's compliance with Amtrak's safety rules and instructions" and that "Rule 34 does not require a party to perform tests or demonstrations for a requesting, opposing party." *Id*. at 7. Amtrak argues that a Safety Coordinator "will be able to facilitate a site inspection by identifying whether an employee is a Machinist and identifying what equipment and machinery the EEOC is observing," but that Amtrak will not "provide unsworn, unrecorded responses… to questions

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 34(a)(2) SITE INSPECTION - 5

regarding tasks being performed." *Id*. at 9-10.  Amtrak argues that the Court should "allow photography and filming [at the site inspection] subject to the privacy concerns of employees who… do not want to be photographed or filmed." *Id*. at 10.

On Reply, the EEOC cites to *McDonald v. Kellogg Co.,* 2011 WL 4844191, *2 (Feb. 7, 2011) for the proposition that "defendant bears the burden of establishing that the burdens and dangers that would accompany the [inspection] outweigh [its] usefulness…at a minimum, defendant must provide a detailed explanation as to the nature and extent of the claimed burden."  Dkt. #38 at 2.  The EEOC argues that "[t]he rules permit plaintiffs to enter defendant's property for the purpose of gathering relevant information unless defendant makes a particularized showing that the discovery plaintiffs propose would create an undue burden or danger." *Id*. (internal quotations omitted).  The EEOC declares that it is not seeking "staged demonstrations of machinists performing their duties," and that it has no intention of interviewing machinists during its inspection." *Id*. at 5.  The EEOC states that it "takes very seriously the need for safety during its facility tour," arguing that any measurements it is not able to make during the tour should be supplemented by Amtrak taking measurements of its own equipment. *Id*. at 6.

The Court finds that the parties are in agreement about the majority of the issues raised in this Motion—the parties agree that the EEOC will conduct a one-day site inspection of the Seattle Mechanical Yard and Amtrak will allow the EEOC to observe and measure equipment, machinery, and tasks subject to Amtrak's safety rules and instructions and so long as the work is being performed in the ordinary course of operations during the site inspection.  The parties agree that a Safety Coordinator will be provided by Amtrak to facilitate a site inspection by identifying whether an employee is a Machinist and identifying what equipment and machinery

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 34(a)(2) SITE INSPECTION - 6

the EEOC is observing, but that Amtrak will not provide unsworn, unrecorded responses to questions regarding tasks being performed. What the parties continue to disagree about, then, is whether the EEOC must provide a list of the specific equipment, machinery, and tasks that it wishes to observe before the site inspection. The Court finds that this is not necessary under Rule 34(a)(2) and (b)(1) so long as the EEOC has stated with reasonable particularity the *category* of items to be inspected. The EEOC is asking to see all equipment, machinery, and tasks a Machinist would perform at this site. The Court finds this reasonable given the issues in this case, and will require Amtrak to provide at least the basic guidance of pointing out where a Machinist would work on site. However, the Court agrees with Amtrak that Rule 34(a)(2) does not contemplate a roving deposition, and will not permit the EEOC to question an Amtrak representative or employees on site except to briefly identify what is being observed. Although the EEOC has agreed to follow safety instructions during the inspection, to the extent that safety instructions prevent the EEOC from taking a relevant photograph or measurement that could safely be taken by an Amtrak employee, Amtrak is directed to provide that measurement or photograph to the EEOC. Amtrak is not required to provide measurements, photographs, or other information that were not obtained due to time constraints or because the EEOC thought of requesting the information after the site inspection.

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Equal Employment Opportunity Commission ("EEOC")'s Motion to Compel Rule 34(a)(2) Site Inspection, Dkt. #30, is GRANTED IN PART as follows:

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 34(a)(2) SITE INSPECTION - 7

1. The EEOC will conduct a one-day site inspection of the Seattle Mechanical Yard and Amtrak will allow the EEOC to observe and measure equipment, machinery, and tasks subject to Amtrak's safety rules and instructions and so long as the work is being performed in the ordinary course of operations during the site inspection.

2. Defendant Amtrak will comply with EEOC's requests as delineated in its March 17, 2016 Request for Entry Upon Land & Inspection, to wit:

    a) Place of inspection: Seattle Mechanical Yard facilities and all locations and work sites therein where employees holding the position of Machinist Journeyman perform the essential duties of their job.

    b) Items to be inspected: measurements will be taken of physical environment, facilities, machinery, and equipment, including but not limited to locomotives, shuttle wagons, safety systems and equipment, ladders, tools, and kits available to employees holding a position of Machinist Journeyman.

    c) Photography: EEOC wishes to take video recordings and pictures of the location and items described above and of employees currently engaged in the work typical of the Machinist Journeyman position.

3. Amtrak will provide a Safety Coordinator to accompany the EEOC who will provide the EEOC with a guided tour of those work areas, equipment, and machinery utilized by Machinists in the performance of their essential duties. This Safety Coordinator will identify Machinists and any equipment and machinery being used by them but is not required to answer further questions. At all times, the persons attending this inspection must follow all safety instructions from the Safety Coordinator.

4. To the extent that safety instructions prevent the EEOC from taking a relevant photograph or measurement that could safely be taken by an Amtrak employee, the

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 34(a)(2) SITE INSPECTION - 8

EEOC is directed to contemporaneously request such from Amtrak and Amtrak is directed to provide such to the EEOC within three days of the site inspection.

5. The EEOC will not be permitted to film or photograph any employee who expresses they do not wish to be photographed or filmed.

6. The Court will allow this site inspection to occur after the discovery cut-off deadline of June 24, 2016, but in any event it is to occur no later than July 8, 2016.

DATED this 9th day of June 2016.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 34(a)(2) SITE INSPECTION - 9