UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,<br><br>Defendant. | Case No. C15-1269-RSM<br><br>ORDER GRANTING PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C) |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Equal Employment Opportunity Commission ("EEOC")'s Motion for Protective Order, Dkt. #41.  The EEOC moves the Court for an order quashing the Rule 30(b)(6) deposition noticed by Defendant National Railroad Passenger Corporation ("Amtrak") and prohibiting Amtrak from taking the deposition of any EEOC employee. Dkt. #41 at 1.  Amtrak opposes this protective order. Dkt. #43.  For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

## II.  BACKGROUND

A full background of this case is not necessary for the purposes of this Motion.  The EEOC alleges that Amtrak discriminated against Charging Party Shawn Moe when it failed to

ORDER GRANTING PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C) - 1

hire Mr. Moe for a Machinist Journeyman position at Amtrak's Seattle Mechanical Yard because of his disability, in violation of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq. See* Dkt. #17.

The parties have engaged in discovery, including several rounds of written discovery, depositions, and Plaintiff's expert disclosures. *See* Dkt. #42, Declaration of May Che ("Che Decl.") at ¶ 2. On May 26, 2016, Counsel for Amtrak served on EEOC a notice of subpoena for former EEOC Investigator William Benedict. *Id.* at ¶ 3. The EEOC opposed this deposition on privilege and relevancy grounds. *Id.* at ¶ 6. In any event, Amtrak was unable to locate and serve Mr. Benedict. *Id.* at ¶8.

On June 9, 2016, Amtrak served EEOC with a Rule 30(b)(6) deposition notice listing the following topics:

> 1. The manner in which the EEOC conducted its investigation.
>
> 2. Factual information obtained during the EEOC's investigation into the Charge of Discrimination made by Shawn Moe, EEOC Charge No. 551-2013-01646, including, but not limited to:
>
>> a. Factual information about Mr. Moe's medical history;
>>
>> b. Factual information about Mr. Moe's employment history; and
>>
>> c. Factual information about the position to which Mr. Moe applied at Amtrak.
>
> 3. Factual information about the actions taken by the EEOC to investigate Mr. Moe's Charge of Discrimination.
>
> 4. All steps taken by the EEOC to assess whether Plaintiff's medical condition presented a direct threat to Mr. Moe, others, and Amtrak's operations, including:
>
>> a. All medical assessments the EEOC conducted or considered in investigating Mr. Moe's Charge of Discrimination;

ORDER GRANTING PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C) - 2

> b. All assessments of the essential functions of the Amtrak Machinist Journeyman position to which Mr. Moe applied;
>
> 5. Factual information contained in the summaries of interviews of Shawn Moe, Karen Broadwater, Jeff Duncan, Glenn Greene, Paul McCausland, Mark Ragle, David Redding, Keith Wiertz, and Barbara Wu.
>
> 6. The accuracy of the summaries of interviews of Shawn Moe, Karen Broadwater, Jeff Duncan, Glenn Greene, Paul McCausland, Mark Ragle, David Redding, Keith Wiertz, and Barbara Wu.

Dkt. #42-1.  Amtrak noted the deposition for June 24, 2016, the last day of discovery.  *Id.*  The EEOC objected to the notice of deposition.  On June 13, 2016, the parties conferred and the EEOC argued that its objections as to Mr. Benedict were equally applicable in the context of a 30(b)(6) deposition.  Che Decl. at ¶ 10.  The parties were unable to resolve the dispute, and the instant Motion was filed on June 16, 2016.  Discovery closed on June 24, 2016.  *See* Dkt. #8.

### III.   DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1) (effective December 1, 2015).  "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'"  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).  "District courts have broad discretion in determining relevancy for discovery purposes."  *Id.* (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)); *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009) ("The decision to issue a

ORDER GRANTING PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C) - 3

protective order rests within the sound discretion of the trial court."). The Court in which the action is pending has the authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1).

The EEOC argues that Amtrak's proposed 30(b)(6) deposition seeks irrelevant information related to how it conducted its investigation rather than the underlying information obtained in the investigation.  The EEOC argues that:

> The factual information sought through Defendant's notice is cumulative and available through other less burdensome methods. The EEOC has already produced the investigative file. There is simply no benefit to requiring EEOC staff to sit for depositions when the only testimony they could provide would be a recitation of the information contained within the written discovery that EEOC has already produced to Defendant.

Dkt. #41 at 5.  The EEOC argues that all six topics listed on the 30(b)(6) notice seek information about the EEOC's investigation rather than the underlying facts of this case. *Id*. According to the EEOC, this information is neither relevant to the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, particularly when the EEOC "has already informed Defendant that it does not intend to utilize the investigation interview notes in its case in chief." *Id*.  The EEOC argues that it is "well-settled that an EEOC lawsuit is a trial *de novo* and that an employer may not litigate the adequacy of the EEOC's investigation and determination as the scope and nature of the EEOC's investigation is within EEOC's discretion." *Id.* at 6 (citing, *inter alia*, *EEOC v. Sterling Jewelers, Inc.*, 801 F.3d 96, 98-99 (2nd Cir. 2015); *EEOC v. Source One Staffing*, No. 11 C 6754, 2013 WL 25033 at *5 (N.D. Ill. Jan. 2, 2013) (finding a Rule 30(b)(6) deposition premature given pending interrogatory responses and holding that defendant "cannot delve into the sufficiency of the EEOC's pre-suit investigation"); *EEOC v. Evans Fruit Co., Inc.*, CV-10-3033 2012 WL 442025 (E.D. Wash.

ORDER GRANTING PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C) - 4

Feb. 10, 2012) (granting protective order and holding that "[t]he details of the EEOC's investigative and conciliation efforts are not essential to Defendant's understanding and defense of the Title VII claims"); *EEOC v. Caterpillar*, 409 F.3d 831,833 (7th Cir. 2005); *EEOC v. KECO Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984); *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 370 n.31 (4th Cir. 1976). The EEOC argues that it has already provided Amtrak with "all factual, non-privileged information it seeks through this 30(b)(6) deposition." *Id*. at 7. The EEOC argues that requiring it to produce a 30(b)(6) witness to essentially recite the information contained in the investigation file would be cumulative and unduly burdensome, and that Amtrak has had "the opportunity to depose or interview all other witnesses in this case and directly gain from them the relevant facts at issue." *Id*. at 7-8.

The EEOC also argues that Amtrak's requested 30(b)(6) deposition implicates the attorney-client privilege, the governmental deliberative process privilege, and the attorney work product privilege. Dkt. #41 at 5, 9-12.

In Response, Amtrak argues that its 30(b)(6) deposition is intended to explore facts learned by the EEOC in its investigation and to clarify factual inconsistencies and ambiguities in the investigation file. Dkt. #43 at 1. Amtrak argues that it is "fundamentally unfair for the EEOC to evade discovery of information that any private plaintiff would have to submit." *Id*. at 2. Amtrak cites to *EEOC v. Presrite Corp.*, 2012 WL 4434055, at *4 (N.D. Ohio 2012) and *EEOC v. Burlington Northern*, No. 07-734, 2008 WL 4845308 (W.D. Okla. June 23, 2008), both cases where the Court allowed deposition of an EEOC investigator to proceed. *Id*. at 3-4. Amtrak argues that "the EEOC's determination of probable cause might be admissible evidence at trial," and that therefore it is entitled to discover and present at trial "evidence refuting the findings of the EEOC." *Id*. at 4 (citing *EEOC v. Pinal County*, 714 F. Supp. 2d 1073, 1076

ORDER GRANTING PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C) - 5

(S.D. Cal. 2010); *Plummer v. Western Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir. 1981); *EEOC v. Am. Int'l Grp., Inc.*, No. 93-6390, 1994 WL 376052 at *3 (S.D.N.Y. July 18, 1994)). Amtrak cites to *E.E.O.C. v. LifeCare Mgmt. Servs., LLC*, No. 02: 08-CV-1358, 2009 WL 772834, at *2 (W.D. Pa. Mar. 17, 2009) for the proposition that "Courts routinely permit… 30(b)(6) depositions of the EEOC itself to clarify… factual inconsistencies and ambiguities." *Id.* at 5. Amtrak argues that the EEOC "simply assumes that Amtrak will wade into privileged or irrelevant areas during the deposition," and that the EEOC should simply object during the deposition if it believes a question solicits privileged information. *Id.* at 6; *see also id.* at 8-12. Amtrak argues that it is not required to "take the EEOC's word that its investigation file contains every single fact known to the EEOC during the investigation." *Id.* at 7 (citing *EEOC v. Albertson's LLC*, No. 06-1273, 2007 WL 1299194 at *2 (D. Colo. May 1, 2007).

On Reply, the EEOC argues that this 30(b)(6) deposition at the close of discovery will be pointless because "it can provide no merits-related information beyond the 251-page investigation file," Amtrak "has had the opportunity to fully discover all underlying facts from witnesses who have personal knowledge," and because "without its investigator, the EEOC is not able to 'clarify' or 'verify' the accuracy of any fact." Dkt. #44 at 1. The EEOC argues that the cases cited by Amtrak in favor of allowing this deposition are all factually distinguishable. The EEOC reminds the Court that cases allowing a deposition of the EEOC investigator are distinguishable because the EEOC investigator, Mr. Benedict, no longer works for the EEOC. *Id.* at 3-4. However, the EEOC does not directly address those cases cited by Amtrak where previous courts have allowed 30(b)(6) depositions to proceed.

As a threshold matter, depositions of EEOC investigators are routinely permitted by district courts. Amtrak is not seeking to depose the EEOC investigator assigned to this case, but

ORDER GRANTING PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C) - 6

to conduct a 30(b)(6) deposition. The authority cited by both parties for or against allowing such a 30(b)(6) deposition is thin, and it inevitably turns on a case-by-case analysis of the requested discovery and particular factual background and procedural circumstances. The district court in *Burlington Northern, supra*, permitted an EEOC 30(b)(6) deposition only in part, stating:

> Because the EEOC conducted a factual investigation into the allegedly unlawful hiring decision soon after it occurred, the investigator's knowledge of relevant information is a legitimate source of inquiry, even though her recollection may be hampered by the passage of time and the size of her case load. Similarly, as with any litigant, some information concerning Plaintiff's litigation conduct may be relevant and discoverable, for example, testimony of a document custodian or person with knowledge bearing on the completeness of the agency's document production. Further, any information compiled by the EEOC that is relevant to the damages allegedly suffered or other appropriate equitable relief is also a legitimate source of inquiry, so long as the inquiry is limited to nonprivileged information that is not duplicative of the information already known to Defendant.

2008 WL 4845308 at *3. The district court in *LifeCare Mgmt. Servs., LLC*, *supra*, also permitted a 30(b)(6) deposition. In that case, the defendants sought both a 30(b)(6) deposition and a deposition of the EEOC investigator. 2009 WL 772834, at *1. The court reviewed the 30(b)(6) notice and ruled that the defendants were seeking "facts obtained by the EEOC during its underlying investigation, not any information related to the EEOC's opinions, analysis, or legal theories…" *Id*. at 2. The court ruled that "the EEOC, like all other litigants, should object to actual questions which it believes invade any applicable privilege during the deposition and cannot be granted unwarranted or overly broad protections prior to any questions being asked of the deponent." *Id*. The court did not agree with the EEOC's argument that because it had provided Defendants with its investigative file the Rule 30(b)(6) deposition was not necessary. *Id*. The district court in *Source One Staffing, supra*, went through various topics noted for the

ORDER GRANTING PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C) - 7

30(b)(6) deposition in that case and determined that those that strayed from determining the underlying facts should be subject to a protective order. *See* 2013 WL 25033 at *5-6.

None of the cases cited by the parties constitute binding precedent. However, the Court takes from these cases the guidance that, while a 30(b)(6) deposition of the EEOC is generally permitted, to the extent that it attempts to obtain information outside the underlying facts at issue (between the charging party and the defendant), a protective order barring such topics of discussion may be warranted. The Court considers this guidance alongside the standard Rule 26(b)(1) considerations of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

The Court now turns to the instant matter. Amtrak is not seeking "the investigator's knowledge of relevant information," "testimony of a document custodian or person with knowledge bearing on the completeness of the agency's document production," or information on damages. *See Burlington Northern, supra*. Given the deposition topics in Amtrak's notice, and the surrounding factual and procedural circumstances, the Court is convinced that Amtrak is either seeking information it already has obtained in discovery, which would be redundant, or information to attack the sufficiency of the EEOC's pre-suit investigation, which is irrelevant. Accordingly, the Court finds that this 30(b)(6) deposition is improper and will grant the EEOC's Motion.

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Equal

ORDER GRANTING PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C) - 8

Employment Opportunity Commission ("EEOC")'s Motion for Protective Order (Dkt. #41), is GRANTED.

DATED this 8th day of July 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C) - 9